**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ROD DILLON, )<br>)<br>Defendant. ) | Criminal Action<br>No. 06-05051-03-CR-SW-DW |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on Defendant's Motion to Dismiss. He asserts that the government is equitably estopped from prosecuting him under 18 U.S.C. § 922 9(a)(1)(A) unless it has some evidence that the firearms it claims defendant sold were not his personal property at the time of the sale. Defendant contends that the indictment should be dismissed because the phrase "personal collection of firearms" is so ill-defined that he has been deprived of notice that his sales of firearms were illegal. He submits, additionally, that due process mandates that the government not be permitted to prosecute him for selling his personal collection of firearms without obtaining a license absent notice that a license is required. On the grounds of lack of evidence and the absence of notice, he submits that his due process rights were violated and the indictment should be dismissed. Alternatively, defendant contends that the indictment should be dismissed on the grounds that the statute as a whole is unconstitutionally vague because it causes sellers and ATF agents to guess at its meaning and to differ in its application. Finally, he seeks

1

dismissal of the indictment because the government failed to properly advise the Grand Jury on the requirements and exemptions of the Firearms Protection Act ["FOPA"] that pertain to the sale of firearms by individuals who do not hold a federal firearms license.

The Court notes, at the outset, that defendant has failed to establish an appropriate case for dismissal based on an equitable estoppel theory. Even assuming that the government is ever subject to estoppel, the traditional elements of an estoppel must be present, including detrimental reliance on the adverse party's misrepresentations. Lyng v. Payne, 476 U.S. 926, 935-36 (U.S. 1986). After reviewing the allegations raised by defendant, it cannot be said that he has raised an issue of detrimental reliance on any misrepresentations by the government.

The general "void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited . . . ." United States v. Bewig, 354 F.3d 731, 737 (8th Cir. 2003), quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983). Unconstitutionally vague statutes are those which are not subject to reasonable interpretation. See Grayned v. City of Rockford, 408 U.S. 104, 112 (1972); Parker v. Levy, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.") The law is well-established, moreover, that in cases where First Amendment freedoms are not involved, the Court must evaluate the vagueness challenge based on the particular facts of the case and not with regard to the statute's facial validity.[1] Maynard v. Cartwright, 486 U.S. 356, 361 (1988); United States v. Mazurie, 419 U.S. 544, 550 (1975); Nooner v. Norris, 402 F.3d 801, 807 (8th Cir. 2005). To determine whether a statute is unconstitutionally vague, the Court must apply a two-part test. First, the statute must provide

---

[1] In United States v. Powell, 423 U.S. 87, 92 (1975), the Supreme Court held that this is true except in the rare instance where a statute is so vague as to "proscribe[] no comprehensible course of conduct at all."

2

adequate notice of the proscribed conduct. Kolender, 461 U.S. at 357. That is, whether it "give[s] the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provide[s] explicit standards for those who apply [it]. " City of Rockford, 408 U.S. at 108. Second, the statute must not lend itself to arbitrary enforcement. Kolender, 461 U.S. at 358. In determining whether a statute is impermissibly vague, courts generally look to "the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." Postscript Enters., Inc. v. Whaley, 658 F.2d 1249, 1255 (8th Cir.1981) (quoting Balthazar v. Superior Court, 573 F.2d 698, 700 (1st Cir.1978)).

Having fully reviewed the positions of the parties, the Court finds that defendant's motion to dismiss should be denied. He asserts that the phrase "personal collection of firearms" is so ill-defined that he was deprived of notice that his sales of firearms were illegal, and that the statute as a whole is unconstitutionally vague. Regarding defendant's contention that the statute in question should be declared void for vagueness, as the government correctly noted in its response, this is a well-settled area of the law, in which constitutional challenges to 18 U.S.C.§ 922(a) on the grounds of vagueness have been repeated rejected by the courts. United States v. Williams, 502 F.2d 581, 583 (8th Cir. 1974). Further, the Court is of the opinion that terms such as "personal collection," "occasional sale" and "regular course of trade or business" are terms that are subject to reasonable interpretation by the ordinary person.

Additionally, whatever evidence the government might have to support its prosecution of defendant and whatever evidence defendant might have to support his claim that the firearms in question were part of a personal collection are evidentiary matters to be presented at trial. At this stage of the proceedings, there is no way to know what facts will actually be proven at trial.

3

Therefore, the crucial factual context against which § 922(a)(1)(A) is to be judged is not certain. Because it would be premature to attempt to determine at this stage of the proceedings whether the conduct charged by the government will be proven at trial, the Court must recommend that the motion to dismiss the indictment on the grounds of vagueness be denied.

Defendant also contends that the indictment should be dismissed because the government failed to properly advise the Grand Jury on the requirements and exemptions of the Firearms Protection Act [" FOPA"] that pertain to the sale of firearms by individuals who do not hold a federal firearms license. The government contends that it provided the Grand Jury with complete instructions regarding the law in question. Having reviewed the instructions provided, it is abundantly clear that the Grand Jury was fully advised of the relevant law, and that defendant's argument to the contrary is without merit.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Dismiss be denied.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date: 2/12/07